**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 2, 2016

LETTER TO COUNSEL

RE:     *Carla Jean Fisher v. Commissioner, Social Security Administration*;
        Civil No. SAG-15-445

Dear Counsel:

On February 17, 2015, Plaintiff Carla Jean Fisher petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and and Plaintiff's reply memorandum. (ECF Nos. 17, 18, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Ms. Fisher protectively filed a claim for Disability Insurance Benefits ("DIB") on January 30, 2012. (Tr. 68, 188-89). She alleged a disability onset date of January 9, 2012. (Tr. 188). Her claim was denied initially and on reconsideration. (Tr. 138-40, 143-45). A hearing was held on June 27, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 88-135). Following the hearing, the ALJ determined that Ms. Fisher was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 68-81). The Appeals Council ("AC") denied Ms. Fisher's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.[1]

The ALJ found that Ms. Fisher suffered from the severe impairments of degenerative disc disease status-post surgery; history of left elbow fracture; left knee degenerative joint disease status-post surgery; depression; anxiety; bipolar disorder; and history of attention-deficit

---

[1] The AC also received and reviewed additional exhibits that were not a part of the record before the ALJ. (Tr. 5-7). The AC must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* Social Security regulations, however, "[do] not require the [AC] to do anything more than what it did in this case, *i.e.*, consider new and material evidence . . . in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.*

*Carla Jean Fisher v. Commissioner, Social Security Administration*
Civil No. SAG-15-445
February 2, 2016
Page 2

hyperactivity disorder (ADHD).  (Tr. 70).  Despite these impairments, the ALJ determined that Ms. Fisher retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except can occasionally stoop, crouch, crawl, squat, kneel, and balance, but no climbing of a ladder, rope, or scaffold; should avoid working overhead and pushing/pulling with the left upper extremity; should avoid concentrated exposure to hazards and wetness; and limited to simple/unskilled work.

(Tr. 73).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Fisher could perform her past relevant work as a security systems monitor, as well as other jobs existing in significant numbers in the national economy.  (Tr. 79-80).  Thus, the ALJ concluded that she was not disabled.  (Tr. 79-81).

Ms. Fisher makes two primary arguments on appeal.  First, she argues that the ALJ's RFC assessment does not adequately account for her moderate limitation in concentration, persistence, or pace under the Fourth Circuit's recent decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).  Next, Ms. Fisher contends that the ALJ mischaracterized the evidence related to her psychological impairments and treatment thereof.  I agree that the first argument warrants remand under *Mascio*.  Both arguments are discussed below.

Turning first to Ms. Fisher's successful argument, some background is useful.  On March 18, 2015, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio v. Colvin*, 780 F.3d 632.  The Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case.  Specifically, the Fourth Circuit found that the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work,[2] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace.  *Id.* at 637-38.  The Fourth Circuit held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."  *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).  In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace."  *Id.*  Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary.  *Id.*

---

[2] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment.  However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

*Carla Jean Fisher v. Commissioner, Social Security Administration*
Civil No. SAG-15-445
February 2, 2016
Page 3

In the instant case, the ALJ found at step three of the sequential evaluation that Ms. Fisher had a moderate limitation in maintaining concentration, persistence, or pace. In making this finding, the ALJ stated, "[t]he claimant reports difficulty following instructions and completing tasks, and has to write things down. The undersigned notes a history of ADHD, and the claimant admits improvement in attention and focus with the use of Adderall." (Tr. 72) (citations omitted). The only mental limitation included in the ALJ's RFC assessment was a finding that Ms. Fisher was "limited to simple/unskilled work." (Tr. 73).

Pursuant to *Mascio*, the limitation to "simple/unskilled work," absent additional explanation, does not account for Ms. Fisher's moderate limitation in concentration, persistence, or pace. Reviewing the ALJ's decision, I find that the ALJ did not provide the explanation required under *Mascio* for how the limitation to "simple/unskilled work" accounts for Ms. Fisher's moderate limitation in concentration, persistence, or pace. The ALJ made a cursory statement about Ms. Fisher's treatment with Dr. Joshi between February 2010 and January 2012 finding that "records indicate the claimant is doing good, she is stable, and focus and concentration are good." (Tr. 75). The ALJ also repeatedly cited a report by Ms. Fisher that her focus and attention had improved approximately eighty-percent with medication. *Id.* That analysis indicates that the ALJ felt that Ms. Fisher's ability to maintain concentration, persistence, or pace would not present a serious impediment to her ability to work. However, the ALJ also acknowledged that treating sources had rated Ms. Fisher as having Global Assessment of Functioning ("GAF") scores indicative of moderate symptoms, and gave little weight to the opinions of Dr. Gandhi and Dr. Joshi, who both opined that Ms. Fisher was capable of performing simple tasks. (Tr. 76-78).

According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Carla Jean Fisher v. Commissioner, Social Security Administration*
Civil No. SAG-15-445
February 2, 2016
Page 4

20 C.F.R. § 404.1520a(e)(4).

As noted above, the only mental limitation imposed by the ALJ in the RFC assessment was a restriction to "simple/unskilled work."  (Tr. 73).  Thus, under *Mascio*, there is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace.   The Commissioner suggests that the ALJ found that the moderate limitation in concentration, persistence, or pace only applied to Ms. Fisher's ability to maintain concentration, but not to her ability to maintain persistence or pace.  Def. Mot. 11-12.  While that may be true, nothing in the ALJ's analysis provides any support for that contention or addresses concentration apart from persistence and pace.  For instance, the ALJ cited Ms. Fisher's reports that she feels impulsive and agitated at times, "with episodes lasting from a few hours to a few days at a time." (Tr. 75).  The ALJ also cited the fact that Ms. Fisher was fired from her last job after having several accidents on the job.  *Id.*  Furthermore, in finding that Ms. Fisher had a moderate limitation, the ALJ stated that she "reports difficulty following instructions and completing tasks…."  (Tr. 72).  These facts indicate issues not only with concentration, but also with persistence and pace.  Ultimately, what is missing from the ALJ's opinion is an explanation as to why the ALJ believed Ms. Fisher to have a "moderate limitation" instead of "mild" or "no" limitation in the ability to concentrate and perform work at a sustained pace for a prolonged period.   Without an understanding of why the ALJ appears to have reached contradictory conclusions about whether Ms. Fisher does or does not have moderate difficulties with concentration, persistence, or pace, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.  On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Ms. Fisher next argues that the ALJ mischaracterized the evidence of record pertaining to her psychological impairments and treatment.   While I do not agree that the ALJ mischaracterized evidence, I do find, as noted above, that the ALJ failed to resolve conflicts in the evidence related to Ms. Fisher's mental impairments.  This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Even so, the ALJ has the duty to resolve conflicts in the evidence.  *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  Here, the ALJ has not met that duty regarding the extent of limitation Ms. Fisher experiences in her ability to maintain concentration, persistence, or pace as a result of her mental impairments.   Accordingly, in addressing the *Mascio* issue on remand, the Commissioner should resolve the conflicts in the evidence noted above.

For the reasons set forth herein, Ms. Fisher's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED

*Carla Jean Fisher v. Commissioner, Social Security Administration*
Civil No. SAG-15-445
February 2, 2016
Page 5

IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge